STARDUST LANES, INC., Plaintiff, *v.* METROPOLIS BOWLING CENTERS, INC., Defendant.

Supreme Court, Special Term, Queens County, May 17, 1962.

*Unterman & Alfieri* for defendant. *Alvin L. Korngold* for plaintiff.

HAROLD J. CRAWFORD, J. Defendant moves to dismiss the complaint on the ground that it is not the real party in interest or, in the alternative, that the complaint be struck out for plaintiff's willful failure to proceed and submit to an examination before trial and that the action be struck from the calendar.

The complaint contains two causes of action. The first is for specific performance of a written agreement, dated September 18, 1961, and annexed to and made part of the complaint, under which plaintiff undertook to sell and defendant to buy a bowling alley business, including bar and restaurant, under a lease which was to expire on September 30, 1980. The second cause of action is to recover damages for breach of that contract.

The answer consists of general and specific denials and one affirmative defense, to wit, that defendant is not the real party in interest.

That defense must be sustained. The contract of sale provides, in pertinent part, as follows:

"AGREEMENT made this 18th day of September 1961, between STARDUST LANES, INC. of 202-05 Jamaica Avenue, Hollis, New York, hereinafter called the SELLER and METROPOLIS BOWLING CENTERS, INC., of 547 Fulton Street, Brooklyn, New York, hereinafter called the PURCHASER, which agreement may be assigned without further notice to a subsidiary corporation to be formed, and upon said assignment METROPOLIS BOWLING CENTERS, INC. shall have no further liability of any kind or nature by virtue of this transaction other than as the guarantor of the series of notes provided for in paragraph 2 subdivison (c) hereinafter.

"\* \* \*

"15. Metropolis Bowling Centers, Inc. is hereby given the right to assign this contract to a New York corporation to be organized in which it shall own all of the outstanding capital stock. Upon assignment of this contract to the newly organized corporation, there shall be no liability of any kind and nature upon Metropolis Bowling Centers, Inc. by reason of this agreement other than as a guarantor of the series of promissory notes referred to in paragraph 2, subdivision (c) hereinabove."

By written instrument dated September 26, 1961, defendant assigned all of its right, title and interest in the contract of sale to Stardust Bowling Center, Inc., a corporation in which defendant owns and holds all of the issued and outstanding capital stock.

The plain impact of that assignment is, in the express and unambiguous language of the contract of sale, that "there shall be no liability of any kind and nature upon Metropolis Bowling Centers, Inc. by reason of this agreement other than as a guarantor of the series of promissory notes referred to in paragraph 2, subdivision (c) hereinabove."

This action, therefore, for specific performance of the contract of sale and damages for its breach, does not lie against this defendant.

Accordingly, the main branch of the motion is granted and the alternative branch is dismissed as academic.